# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **TARA MALEIGH GREEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **3:12-cv-1113-AKK** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Tara Maleigh Green ("Green") brings this action pursuant to section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  Doc. 1.  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence, and therefore, **AFFIRMS** the decision denying benefits.

### I.  Procedural History

Gibson filed her application for Title II disability insurance benefits on July

21, 2009, alleging a disability onset date of July 7, 2005, due to asthma, high blood pressure, obesity, and problems related to obesity. (R. 31-34, 110, 122). After the SSA denied her applications, Green requested a hearing. (R. 63-67, 70-71). At the hearing on September 9, 2010, Green was 33 years old with a bachelor's degree in psychology and a graduate degree in community mental health counseling. (R. 31, 95, 127). Green's past relevant work includes working as a group home manager and sales clerk. (R. 52, 102-105, 123, 149). Green has not engaged in substantial gainful activity since July 7, 2005. (R. 61, 122).

The ALJ denied Green's claims, which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 8-20, 1-5). Green then filed this action pursuant to 42 U.S.C. § 1383(c)(3). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)  whether the claimant is currently unemployed;

(2)  whether the claimant has a severe impairment;

(3)  whether the impairment meets or equals one listed by the Secretary;

(4)  whether the claimant is unable to perform his or her past work; and

(5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can

do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that Green last met the insured status requirements of the Act on September 30, 2008. (R. 12). Thus, Green had to establish the existence of her disability on or before that date in order to be entitled to a period of disability and disability insurance benefits. (R. 10). Moving to the first step, the ALJ found that Green had not engaged in substantial gainful activity during the period from her alleged onset date of July 7, 2005 through her date last insured of September 30, 2008, and, therefore, Green met Step One. (R. 12). Next, the ALJ found that Green satisfied Step Two because she suffered from the severe impairments of "hypertension, migraine headaches and obesity." *Id*. The ALJ then proceeded to the next step and found that Green failed to satisfy Step Three because she "did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments." (R. 13). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where she determined that:

> [T]he claimant had the residual functional capacity ["RFC"] to perform sedentary work. . .could perform occasional walking and standing for two hours during an eight hour workday. She was

>limited to occasional performance of postural positions such as stooping, kneeling, crawling and climbing and she could not work around concentrated exposure to gases or other fumes and noxious odors.  She also could not work in extreme cold and heat.

(R. 13).  In light of Green's RFC, the ALJ determined that Green is "unable to perform any past relevant work."  (R. 15).  After considering Green's age, education, work experience, and RFC through Green's insured date, the ALJ determined in Step Five that "there were jobs that existed in significant numbers in the national economy that [Green] could have performed."  (R. 15-16).  Consequently, the ALJ found that Green "was not under a disability, as defined in the Social Security Act, at any time from July 7, 2005, through September 30, 2008, the date last insured."  (R. 16).

## V.  Analysis

Green disagrees with the ALJ's decision and requests that this court enter "judgment for such relief as may be proper."  Doc. 1 at 2.  In light of Green's contention, the court must review the ALJ's decision for error.  Unfortunately for Green, as shown below, substantial evidence supports the ALJ's decision.

### A.   Severe vs. Non-Severe Impairments

The court begins its review with Green's impairments.  Again, Green alleges disability because of hypertension, asthma, obesity and problems related to

obesity. (R. 122). The ALJ, however, determined that Green only had the severe impairments of "hypertension, migraine headaches and obesity" and not "asthma, gastroesophageal reflux disease and trace edema in the ankles." (R. 12). In making this determination, the ALJ relied on medical evidence in the record from Green's treating physicians, Drs. David Brown and S. R. Ahmed. *Id*. As the ALJ noted, a review of Dr. Brown's treatment notes from 2003 to 2009 shows that Green had infrequent edema, mild respiratory problems, and Dyspepsia, a gastrointestinal problem that Dr. Brown treated with the acid reflux medication Nexium. (R. 161- 191). During Green's July and September 2007 visits, Dr. Brown reported that Green had "no edema," "negative" respiratory problems, lungs "clear to auscultation," and took Nexium daily for her acid reflux with no reports of problems. (R. 171, 173). Another visit occurred in October 2008, during which Green weighed 414 pounds and reported no edema in her extremities, mild wheezing at times, and chronic reflux, which Dr. Brown continued to treat with Nexium. (R. 164). Finally, in July 2009, Dr. Brown noted that Green had reached 434 pounds, had trace edema in her extremities that seemed to increase when sedentary for prolonged periods, and that Green's lungs were clear to auscultation. (R. 12, 161-62).

The ALJ also reviewed Dr. Ahmed's treatment notes from 2006, which

described Green's problems as "obesity and a history of asthma." (R. 12, 235-237). However, Dr. Ahmed's examinations revealed that Green had no history of edema or wheezing, and had clear breathing. *Id*.

In sum, the medical record supports the ALJ's finding that Green's asthma, gastroesophageal reflux disease, and trace edema were not severe impairments. As the ALJ noted, a severe impairment is an impairment which significantly limits a claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a). While there is some evidence that Green had problems at times with these conditions, Green failed to present any evidence that these impairments were so severe that they limited her ability to do basic work activities. Therefore, the substantial evidence supports the ALJ's determination.

### B.   Residual Functional Capacity

The ALJ determined that Green had the RFC to perform sedentary work, with only occasional walking, standing, stopping, kneeling, crawling, and climbing. (R. 13). The substantial evidence also supports this finding. For example, as the ALJ noted, although Green claimed she was disabled due to her obesity, Green nonetheless was able to attend school and obtained a degree in December 2009. (R. 14, 31, 37). Moreover, when the ALJ questioned Green concerning why she left her job as a group home manager in 2005, Green cited

difficulties with working and attending school simultaneously and a desire to focus more on school, rather than any purported issues with her weight. (R. 30). Later, when her attorney asked her similar questions, Green said she quit work due to swelling in her legs and ankles. (R. 39-40). However, as the ALJ noted, Green's own admission that she worked more than forty hours per week and that her hours made it difficult for her to attend school belies her subsequent contention that leg and ankle issues caused her to quit working. (R. 30). Moreover, the ALJ pointed out correctly that the medical evidence in the record undermined Green's contention regarding the severity or frequency of the swelling in her lower extremities. (R. 14). Rather, Dr. Brown's treatment notes showed only infrequent, trace swelling. (R. 161- 191). Likewise, while Green had a history of treatment for hypertension, as the ALJ stated, the record failed to show that Green suffered from any disabling functional limitations due to her hypertension. (R. 14). To the contrary, Dr. Brown's treatment notes state clearly that Green's "[b]lood pressure control is currently acceptable as documented. Plan to continue present meds without change." (R. 167).

  The only evidence in the record supporting Green's alleged disability is Dr. Brown's statement that Green was disabled due to her obesity. (R. 162). However, the ALJ gave this opinion "little weight" because (1) Dr. Brown made

this statement in July 2009, and made no mention of whether Green was disabled during the insured period, i.e. July 2005 to September 2008; (2) Dr. Brown provided little explanation of the evidence he relied on to form this opinion, and (3) the ALJ found that Dr. Brown's opinion was inconsistent with his treatment notes. (R. 15). Based on the court's review of the record, the ALJ's decision to assign little weight to Dr. Brown's opinion is supported by substantial evidence.

"It is well-established that 'the testimony of a treating physician must be given substantial or considerable weight *unless* "good cause" is shown to the contrary.'" *Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (emphasis added) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "Good cause" exists when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Additionally, the "ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis*, 125 F.3d at 1440. "Good cause" existed here because the evidence contradicted Dr. Brown's opinion, and the opinion was inconsistent with Dr.

Brown's own treatment records, which made no mention of a disability prior to July 2009.  Rather, Dr. Brown's contemporaneous notes showed only that he successfully treated Green with medications for hypertension and acid reflux, and encouraged Green to diet and exercise to lose weight.  *See* (R. 161-191).  At no time prior to July 2009 did Dr. Brown opine that Green was disabled.  The failure to do so is consistent with Green's reports to Dr. Brown that she was able to function as a worker and as a student.

In sum, the court finds no error with the ALJ's findings that "the evidence suggests [Green] may have some limitations, but she is able to perform at least some type of work activity, and in this case, she can perform work of a sedentary exertional level."  (R. 15).  In reaching this conclusion, the court notes that Green failed to present sufficient evidence to the ALJ or to this court to support her claim. Ultimately, Green has the burden of proving her claims, *see* 20 C.F.R. § 416.912(c), and failed to make the necessary showing.  Therefore, the substantial evidence supports the ALJ's RFC determination.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Green is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the

Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**Done** the 11th day of December, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE